# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAREN NELSON, et al., | ) |
| | ) |
|       Plaintiffs, | ) |
| | ) |
| -vs- | )   Case No. CIV-19-647-F |
| | ) |
| BEREXCO LLC, et al., | ) |
| | ) |
|       Defendants. | ) |

## **ORDER**

Before the court is Plaintiffs' Motion for Voluntary Dismissal, filed October 23, 2019. Doc. no. 73. Defendants[1] have responded to plaintiffs' motion. Doc. nos. 76, 77, 78, 79, 80 and 81. No reply was permitted. Upon due consideration of the parties' submissions, the court makes its determination.

I.

On September 19, 2018, plaintiffs, a total of 100 individuals, commenced this civil action in the District Court of Oklahoma County, State of Oklahoma. In their petition, plaintiffs alleged that they suffered damages to property, and other losses, resulting from two earthquakes caused by defendants' operation of wastewater disposal wells. The subject earthquakes occurred on September 3, 2016 near

---

[1] Tarka Energy, LLC, Equal Energy US Inc., Montclair Energy LLC, Petco Petroleum Corp., Shields Operating Inc., Berexco LLC, Chesapeake Operating, L.L.C., Mid-Con Energy Operating, LLC, Orca Operating Company, LLC, Range Production Company, LLC, Territory Resources, LLC, Special Energy Corporation, Crown Energy Company, Cher Oil Company, LTD, and Marjo Operating Mid-Continent, LLC.

Pawnee, Oklahoma and on November 6, 2016 near Cushing, Oklahoma. They asserted claims under Oklahoma law for absolute liability, negligence, gross negligence, private nuisance, public nuisance and trespass against defendants.[2]

On July 18, 2019, defendant, Orca Operating Company, LLC, which had never been served with process nor appeared in the case, removed plaintiffs' action to this court, alleging federal subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Under CAFA, district courts have original jurisdiction over "any civil action in which the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). CAFA deems a "mass action" to be a "class action" removable under CAFA if it otherwise meets the statutory provisions. 28 U.S.C. § 1332(d)(11)(A). It defines "mass action" as any civil action in which "monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements of subsection (a)." 28 U.S.C. § 1332(d)(11)(B)(i). In the Notice of Removal, Orca alleged that plaintiffs' action constituted a mass action and that at least one plaintiff was a citizen of Oklahoma, at least two defendants, Berexco, LLC and Range Production Company,

---

[2] The same day plaintiffs' petition was filed, plaintiffs' counsel filed six additional lawsuits against defendants on behalf of other plaintiffs. Subsequently, additional lawsuits were filed against defendants on behalf of other plaintiffs in different state district courts.

LLC, were citizens of a state other than Oklahoma and the amount in controversy exceeded $5,000,000, exclusive of interest and costs.[3]

Plaintiffs filed a motion to remand. They did not challenge Orca's removal allegations regarding the existence of subject matter jurisdiction under CAFA. Instead, they claimed the court should decline to exercise CAFA jurisdiction based upon the home state exception set forth in 28 U.S.C. § 1332(d)(4)(B). Defendants opposed the motion, arguing that plaintiffs failed to prove by a preponderance of the evidence that the home state exception applied. The court agreed with defendants' arguments. Specifically, the court found that plaintiffs had not presented any evidence to establish that two-thirds or more of them were citizens of Oklahoma. In addition, the court determined that plaintiffs' pleading allegations regarding their Oklahoma County residency and property ownership were insufficient to demonstrate that plaintiffs were domiciled in Oklahoma (a requirement for Oklahoma citizenship). The court further concluded that plaintiffs had not demonstrated that the "primary" defendants were citizens of Oklahoma. While plaintiffs had identified five Oklahoma defendants who were allegedly responsible for approximately two percent or more of the wastewater disposal within ten miles or less of the earthquake epicenters, the court pointed out that plaintiffs' petition, as framed, asserted that that each of the defendants, including non-Oklahomans, were equally culpable for plaintiffs' injuries. In the court's view, there was no rational basis upon which to conclude that all defendants sued by plaintiffs were not "primary" defendants in the sense contemplated by CAFA. Because plaintiffs had not established that two-thirds or more of plaintiffs, and all primary defendants, were

---

[3] Defendant Orca also removed three other cases to this court from Oklahoma County District Court alleging the existence of subject matter jurisdiction under CAFA based upon similar allegations. Three cases were not removed and remain currently pending in Oklahoma County District Court. Those cases involved less than 100 plaintiffs.

citizens of Oklahoma, the court concluded that the home state exception to CAFA jurisdiction did not apply. Consequently, remand was denied.

At the time of removal, several motions to dismiss were pending in state court. After denying plaintiffs' motion to remand, the court, in accordance with the court's Local Civil Rules, directed defendants to refile their motions to dismiss in conformity with the Federal Rules of Civil Procedure and the Local Civil Rules by October 10, 2019. Defendants complied with the court's directive and timely filed their motions to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. In addition, defendant, Territory Resources, LLC, filed a motion for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P.

Defendant Orca also filed a motion to dismiss shortly after removal of this action. Defendant argued that dismissal was appropriate based upon plaintiffs' failure to timely effect service of process and their failure to state a claim upon which relief could be granted. Plaintiffs did not respond to the motion. On September 20, 2019, the court entered an order holding the motion in abeyance pending the 90-day period for service of process pursuant to 28 U.S.C. § 1448 and Rule 4(m), Fed. R. Civ. P. After the expiration of the 90-day period, the court entered an order directing plaintiffs to show good cause for their failure to effect service of process upon defendant and advised that if plaintiffs could not show good cause and the court declined to permissively extend the time for service, plaintiffs' petition against defendant Orca would be dismissed without prejudice under Rule 4(m). Thereafter, defendant Orca filed a written notice withdrawing its objection to plaintiffs' lack of service of process to avoid a dismissal without prejudice under Rule 4(m). In the notice, defendant Orca advised that it continued to press the remaining arguments in its motion in support of dismissal under Rule 12(b)(6), Fed. R. Civ. P.

Prior to the date plaintiffs were to respond to all pending motions to dismiss, plaintiffs filed the instant motion. Plaintiffs now seek dismissal so that they "may

4

re-file their claims against the non-diverse defendants in state [c]ourt, re-file their motions to consolidate all cases in state court, and avoid piecemeal litigation which has resulted from Defendants procedural maneuvers." Doc. no. 73, p. 2. Defendants oppose plaintiffs' motion, urging the court to deny the motion. Some defendants[4] alternatively request that the court impose conditions on the requested dismissal, such as requiring any new lawsuit be filed in this court or that plaintiffs compensate them for the attorney's fees and costs incurred upon removal or both. Another defendant[5] alternatively requests that the court impose a condition that none of the plaintiffs may refile an action in any court on any theory of recovery stemming from the same facts as alleged in plaintiffs' petition unless all plaintiffs presently before the court join in the filing of that action.

II.

Rule 41(a)(2), Fed. R. Civ. P., governs voluntary dismissals after the opposing party files an answer or motion for summary judgment.[6] Under the rule, the court may dismiss an action without prejudice "on terms that the court considers proper." Rule 41(a)(2), Fed. R. Civ. P. "'The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" Brown v. Baeke, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 357 (10th Cir. 1996)). (quotation omitted). A dismissal without prejudice under Rule 41(a)(2) falls within the court's discretion. American Nat. Bank and Trust Co. of Sapulpa v. Bic Corp.,

---

[4] Equal Energy US Inc., Montclair Energy LLC, Petco Petroleum Corp., Shields Operating Inc., Berexco LLC, Chesapeake Operating L.L.C., Mid-Con Energy Operating, LLC, Orca Operating Co., LLC, Range Production Company, LLC and Territory Resources, LLC.

[5] Special Energy Corporation

[6] All moving defendants, except Cher Oil Company, LTD and Marjo Operating Mid-Continent, LLC, have filed answers to plaintiffs' petition.

5

931 F.2d 1411, 1412 (10th Cir. 1991). However, absent "legal prejudice" to the defendants, the court should normally grant the requested dismissal. Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997).

In determining whether the defendants would suffer legal prejudice from the requested dismissal, the court is to consider "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." Ohlander, 114 F.3d at 1537. These factors are "by no means exclusive" and factors that are "unique to the context of the case" may also be considered. *Id*. The court must "consider the equities not only facing the defendant[s], but also those facing the plaintiff[s]." *Id*.

*Effort and Expense Preparing for Trial*

The court finds that the first factor weighs in favor of granting plaintiffs' requested dismissal. Defendants have not yet expended significant time or money preparing for trial. The court recognizes that prior to the filing of the instant motion, defendants had to respond to plaintiffs' motion to remand and had to refile their motions to dismiss applying federal pleading standards. While defendants have been required to expend some resources to defend the action in this forum, the court opines that that expenditure is not so significant to require denial of plaintiffs' motion. To be sure, even the preliminary rounds of litigating a complex case can get expensive, but this case has not gotten far enough down the road for the court to be concerned about trial preparation expenses uselessly incurred.

*Excessive Delay and Lack of Diligence*

The court additionally finds that the second factor weighs in favor of granting plaintiffs' request for dismissal. The court is sympathetic with defendants regarding the delay in state court in having their motions to dismiss heard and decided. However, it was reasonable for the issue of consolidation to be addressed first, and

6

the court notes that this action and the other three actions were removed shortly before that issue was to be addressed. Plaintiffs had also responded to the motions to dismiss prior to filing their consolidation motion. The court also recognizes that plaintiffs could have sought dismissal of this action shortly after its removal, without the expense of responding to a remand motion and refiling motions to dismiss under federal pleading standards. Nonetheless, the court is not convinced that plaintiffs' conduct constitutes excessive delay and lack of diligence sufficient to warrant denial of their motion.

*Insufficient Explanation of Need for Dismissal*

Defendants' arguments notwithstanding, the court finds that plaintiffs have provided sufficient explanation for the need for dismissal. Plaintiffs want to refile their claims in state court to consolidate all cases for pretrial purposes and to avoid piecemeal litigation. In addition to this action and three actions removed by defendant Orca, there are three other actions pending in Oklahoma County District Court. Those actions include over 200 plaintiffs. Similar claims are also asserted in other state district court cases. Defendants have raised serious issues as to whether all pending cases can be consolidated. However, it appears that at least the cases pending in Oklahoma County District Court could be consolidated for pretrial purposes. Another earthquake case on the docket of the undersigned, West v. Chaparral Energy, LLC, CIV-16-264-F, included claims involving the Pawnee and Cushing earthquakes. However, those claims were alleged against defendants who are in bankruptcy and the claims are stayed. Thus, this court may not be called upon to address any claims related to those earthquakes and a dismissal of this action and the other three actions would avoid litigation in two court systems.

*Present Stage of Litigation*

The court finds that the fourth factor likewise weighs in favor of granting plaintiffs' request for dismissal. Although the court recognizes that this action was

7

originally filed in state court over a year ago, this case nonetheless remains in the early stages of litigation. Motions to dismiss were pending at the time of removal and have only recently been refiled in this court. Indeed, the new motions to dismiss (and the motion for judgment on the pleadings) are not yet at issue. No scheduling order is in place. No depositions have been taken. Thus, the court concludes that defendants are not prejudiced by a dismissal without prejudice at this early stage of the proceedings.

*Other factors*

Defendants argue that the court should deny plaintiffs' motion because plaintiffs are seeking to avoid an adverse decision from the court under Rule 12(b)(6) or Rule 12(c), Fed. R. Civ. P. Although the court has not studied defendants' motions at length, a cursory review of those motions does not convince the court that all of plaintiffs' claims against all defendants would be subject to dismissal with prejudice. In the West case, which involved Oklahoma law claims of private nuisance, ultrahazardous activity, negligence and trespass, the court granted dismissal of claims against defendants on the issue of causation. Nonetheless, the court granted plaintiffs leave to file a second amended complaint. That case still proceeds on a second amended complaint as to some defendants. The court is not convinced that the pendency of motions to dismiss and for judgment on the pleadings justify denial of plaintiffs' motion.

In addition, defendants argue that plaintiffs are forum-shopping and seek to deny defendants federal jurisdiction which CAFA favors. It is apparent to the court that plaintiffs want to proceed in state court rather than in federal court. However, the reason for this, as discussed, is that there are similar actions pending in state court. The court quite readily finds that that is a plausible (and understandable) reason to prefer to proceed in state court. Plaintiffs want to consolidate the cases for pretrial purposes. Although defendants have raised serious issues as to whether

cases pending in all of the state district courts can be consolidated for pretrial purposes, the court notes that if this action and the other three actions pending in this court are refiled in state court, there will be seven actions in Oklahoma County District Court, involving over 600 individuals, which could potentially be consolidated for pretrial purposes. Moreover, while claims involving the Pawnee and Cushing earthquakes were asserted in the West case, the only defendants involved in those claims are in bankruptcy and all claims against those defendants are stayed. Thus, it makes sense to the court that the claims concerning the Pawnee and Cushing earthquakes be adjudicated in one court system.

The court acknowledges that the propriety of the removal of this action under CAFA was never challenged. As recognized by some defendants, "CAFA was enacted to respond to perceived abusive practices by plaintiffs and their attorneys in litigating major class actions with interstate features in state courts." Coffey v. Freeport McMoran Copper & Gold, 581 F.3d 1240, 1243 (10th Cir. 2009). The court notes that the "interstate features" of this case involved non-diverse defendants. However, the non-diverse defendants did not remove this action or the other three actions to this court. Defendant Orca, which is alleged in the petition to be an Oklahoma corporation with its principal place of business in Oklahoma, did. Further, it appears that plaintiffs, as masters of their complaints, did not want to proceed by way of a class action but fell within the provisions of CAFA because they erred in allowing the joinder of at least 100 plaintiffs. The other actions pending in state court have less than 100 plaintiffs. While CAFA favors federal jurisdiction when its provisions apply, plaintiffs represent that they will frame their refiled action so that CAFA will not apply. There is nothing intrinsically inappropriate in pleading a case in a way calculated to invoke the exclusive jurisdiction of a particular court or court system, even where that is done for crass tactical reasons, as long as plaintiff's conduct is not plainly abusive. Statutory limitations on the prerogative of

9

pleading a case into the exclusive jurisdiction of a preferred court are few and far between, even though some of those limitations (such as CAFA) are unmistakably based on specific policy determinations made by the legislative branch in response to abusive litigation tactics. Given the relationship between this case and numerous cases now pending in the Oklahoma state court system, these plaintiffs have an understandable reason–which does not smack of abuse–for which they want this case to go back to the state court from whence it came.

*Conditions*

Some defendants have requested the court to impose certain conditions on any dismissal without prejudice. They request the court to require the plaintiffs to refile any action in this court or to refile any action joining the same plaintiffs. They also request attorney's fees and costs.

For the reasons previously discussed, the court declines to condition a dismissal without prejudice on the refiling of the action in this court. The court also declines to require that any refiled action join all the same plaintiffs.

As for attorneys' fees and costs, the court, in its discretion, declines (with one exception, discussed below) to shift defendants' litigation expense to plaintiffs. Here is the reason: Because of the extraordinarily challenging issues as to causation, considered in combination with other practical difficulties plaintiffs may face (unrelated to the merits of any of their individual claims), the task of getting these Oklahoma citizens with (allegedly) earthquake-damaged property before a court in which their claims can be adjudicated fairly, reasonably expeditiously and cost-effectively is not easy or simple. Some tolerance of a certain amount backing and filling is called for. If plaintiffs have their facts (including the facts as to causation) right, then they are entitled to fair recompense from the responsible producers. The court should not lightly impose potentially significant burdens on their right to get an up or down adjudication.

10

Here is the exception: Plaintiffs have represented to the court that they do not intend to proceed against the diverse defendants. The court will hold them to that. If plaintiffs in this action should refile the claims asserted in this action (or claims substantially similar thereto) against any of the diverse defendants[7] in this case, the court will, on motion, assess against those plaintiffs the reasonable attorney's fees and taxable costs incurred by those defendants in opposing plaintiffs' motion to remand, in filing their motions to dismiss or for judgment on the pleadings and in opposing the instant motion. *See*, 9 Wright & Miller, Federal Practice & Procedure, § 2366 (3d ed.) (district court may require the plaintiff to pay the defendant's attorney's fees as well as other litigation costs and disbursements). As Judge Heaton did in a somewhat similar (but in some ways different) situation in Cactus Petroleum, the court will retain jurisdiction of this case, notwithstanding dismissal, for the limited purpose of determining those fees and expenses and entering an appropriate judgment in the event of a refiling against a diverse defendant. Any such defendant may, in that event, file an appropriate motion within ten days of any such refiling. *See*, Talkington v. New York Life Insurance & Annuity Corporation, 2017 WL 1322226, *2 (W.D. Okla. April 10, 2017); Cactus Petroleum Corp. v. Continental Resources, Inc., 2013 WL 5656107, *3 (W.D. Okla. Oct. 16, 2013).

III.

Based upon the foregoing, Plaintiffs' Motion for Voluntary Dismissal, filed October 23, 2019 (doc. no. 73), is **GRANTED**, subject to the condition that if any of the plaintiffs refile the claims asserted in this action (or claims substantially similar thereto) against any of the diverse defendants in this case, the court will entertain a motion for assessment of reasonable attorneys' fees and expenses as set

---

[7] For this purpose, a diverse defendant is a defendant in this action as to which this court would have had jurisdiction under 28 U.S.C. § 1332 (a) as of the date this action was filed in state court and as of the date of removal to this court.

11

forth above. The court retains jurisdiction for that limited purpose and for the purpose of entering an appropriate judgment.

      IT IS SO ORDERED this 19th day of November, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0647p010.docx